IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Edward Wayne Bailey and<br>Melissa C. Bailey,<br><br>        Plaintiffs,<br><br>vs.<br><br>Aaron William Corntassel and<br>Brian Andrew King d/b/a<br>Brian King Services,<br><br>        Defendants. | C/A No. 3:10-cv-01573<br><br>**O R D E R** |

Plaintiffs Edward Wayne Bailey and Melissa C. Bailey (collectively "Plaintiffs"), filed this personal injury action against Defendants Aaron William Corntassel and Brian Andrew King d/b/a Brian King Services (collectively "Defendants"), seeking damages for alleged injuries arising out of an automobile collision. ECF No. 1-1. This matter is before the court on Defendants' Motion for Independent Medical Examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. ECF No. 39. In response to Defendants' motion, Plaintiffs object to the appointment of Dr. James F. Bethea to conduct the medical examination. ECF No. 40. Additionally, Plaintiffs contend that the court should appoint an independent medical examiner for the examination. ECF No. 40, pp. 1. Defendants object to the conditions Plaintiffs seek to impose on the examination. ECF No. 41.

For the reasons set forth below, the court **GRANTS** Defendants' motion for independent medical examination and **DENIES** Plaintiffs' request for an independent medical examiner.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On September 21, 2007, on South Carolina Highway 151 near McBee, South Carolina, an automobile collision occurred between vehicles operated by Plaintiff Edward Bailey and Defendant Corntassel. ECF No. 39-1, pp. 1. During the collision, Plaintiff Edward Bailey was driving a 1998 International tractor, and Defendant Corntassel was driving a 1999 Freightliner tractor, owned by Defendant Brian Andrew King d/b/a Brian King Services. ECF No. 1-1, pp. 4.

On June 3, 2010, Plaintiffs filed an action in the Court of Common Pleas in Sumter County, South Carolina, alleging that Plaintiff Edward Bailey was injured in the automobile collision as a result of Defendants' negligence. ECF No. 1-1, pp. 4. Edward Bailey's wife, Melissa Bailey, was not occupying any vehicle involved in the accident, but she is making a claim for loss of consortium. ECF No. 1-1, pp. 4. On June 18, 2010, Defendants removed this case to this court alleging diversity jurisdiction. ECF No. 1. Plaintiff Edward Bailey's relevant medical history, as alleged in Defendants' motion, is as follows.

Mr. Bailey claimed that one of his injuries was an injury to his cervical spine, resulting in neck pain and radicular symptoms extending into his upper extremities. ECF No. 39-1, pp. 1. Dr. Randall Drye of Columbia Neurosurgical Associates, P.A. provided initial treatment for Mr. Bailey's cervical spine complaints. ECF No. 39-1, pp. 1. On December 7, 2007, Mr. Bailey and Dr. Drye reviewed an MRI of the cervical spine that was done on November 9, 2007. ECF No. 39-1, pp. 1-2. Dr. Drye noted that there was no evidence of disc herniation, annular tear, or neural impingement. ECF No. 39-1, pp. 2. There was slight facet arthropathy at C3-4, but no evidence of fracture or listhesis. ECF No. 39-1, pp. 2. Dr. Drye also noted that there were no structural abnormalities. ECF No. 39-1, pp. 2. Mr. Bailey presented to Dr. Drye on February 4, 2008, and Dr. Drye again concluded that no structural abnormalities existed on the MRI and no surgery was anticipated. ECF No. 39-1, pp. 2.

On March 10, 2008, Mr. Bailey visited Dr. Drye's office. ECF No. 39-1, pp. 2. During that visit, Dr. Drye noted Mr. Bailey's complaints of residual soreness in his neck, but there was no element of distal radicular pain, numbness or parenthesis. ECF No. 39-1, pp. 2. Dr. Drye further reported that Mr. Bailey appeared to have reached "maximum medical improvement from a neurosurgical standpoint." ECF No. 39-1, pp. 2. Dr. Drye also found that Mr. Bailey had a 5% whole person impairment and a 14% regional impairment of the cervical spine. ECF No. 39-1, pp. 3. On July 30, 2008, Mr. Bailey returned to Dr. Drye complaining of an exacerbation of his cervical spine symptoms. ECF No. 39-1, pp. 3. Dr. Drye determined that Mr. Bailey's symptoms would occasionally exacerbate but that overall he was improving. ECF No. 39-1, pp. 3.

Mr. Bailey also sought an evaluation of his cervical spine complaints by Dr. Rakesh P. Chokshi, a spine surgeon with Pee Dee Orthopaedic Associates. ECF No. 39-1, pp. 3. Dr. Chokshi conducted an initial cervical evaluation of Mr. Bailey on February 18, 2009 and recommended a second cervical spine MRI that was conducted on March 10, 2009. ECF No. 39-1, pp. 3. On April 22, 2009, Dr. Chokshi reviewed the MRI and determined that Mr. Bailey's neck had reached maximum medical improvement with a 3% impairment of the cervical spine. ECF No. 39-1, pp. 3.

On May 17, 2010, Mr. Bailey returned to Dr. Drye reporting continued neck pain. ECF No. 39-1, pp. 4. Dr. Drye noted that the MRI of Mr. Bailey's cervical spine "demonstrates mild annular bulging at C4-5 with no impingement of the nerve roots or spinal cords" and no disc herniation. ECF No. 39-1, pp. 4. Dr. Drye concluded that there were no signs of significant structural change, no new injury, and no further treatment necessary. ECF No. 39-1, pp. 4.

At the request of Mr. Bailey's worker's compensation attorney, William Croft, Dr.

Leonard Forrest evaluated Mr. Bailey at the Southeastern Spine Institute on November 22, 2010. ECF No. 39-1, pp. 4. Though Dr. Drye and Dr. Chokshi found no evidence of disc herniation, Dr. Forrest did find central disc herniation in the MRI performed on March 10, 2009. ECF No. 39-1, pp. 4. Dr. Forrest further indicated that Mr. Bailey had not reached maximum medical improvement of his neck. ECF No. 39-1, pp. 4. Dr. Forrest recommended further treatment including a new cervical spine scan, treatment for the facet joints and/or a cervical epidural steroid injection. ECF No. 39-1, pp. 4.

Mr. Bailey presented to Dr. Nancy Lembo of Carolina Spine & Sports Rehabilitation on November 20, 2011 complaining of pain in his neck, left arm, and shoulder, and numbness and tingling in the fingers. ECF No. 39-1, pp. 4. Dr. Lembo's evaluation noted signs of "C3-4, C4-5 disc bulging." ECF No. 39-1, pp. 4-5. Dr. Lembo further noted that it was unclear whether Mr. Bailey's left arm symptoms related to his neck or shoulder. ECF No. 39-1, pp. 5. Mr. Bailey also had tightness in external rotation, which can cause dysesthesias. ECF No. 39-1, pp. 5. Dr. Lembo recommended an evaluation to determine whether Mr. Bailey suffered from radiculopathy or an entrapment neuropathy. ECF No. 39-1, pp. 5.

On December 20, 2011, Dr. Lembo performed nerve conduction testing of Mr. Bailey's left upper extremity. ECF No. 39-1, pp. 5. Dr. Lembo noted that the test indicated "carpel tunnel syndrome and chronic mild left C5 radiculopathy." ECF No. 39-1, pp. 5. Dr. Lembo recommended further treatment including epidural injections, physician visits, medication management, trigger point injections, facet joint and/or epidural injections, imaging studies, and physical therapy. ECF No. 39-1, pp. 5.

Defendants retained as an expert witness Dr. James F. Bethea, a board certified orthopaedic surgeon with Columbia Orthopaedic Specialists, LLC. Dr. Bethea has reviewed Mr.

Bailey's medical records. ECF No. 39-1, pp. 5. Specifically, Dr. Bethea assessed Mr. Bailey's alleged injuries, the reasonableness and necessity of Mr. Bailey's continued medical treatment, and whether Mr. Bailey required future medical treatment. ECF No. 39-1, pp. 5. After reviewing Mr. Bailey's medical records, including the cervical spine MRI performed on March 10, 2009, Dr. Bethea disagreed with Dr. Forrest's finding of central disc herniation. ECF No. 39-1, pp. 5. Dr. Bethea only found evidence of mild disc bulging with minimal cervical spondylosis. ECF No. 39-1, pp. 5. Dr. Bethea also disagreed with the results of Dr. Lembo's nerve conduction testing. ECF No. 39-1, pp. 6. Based on his review of Mr. Bailey's medical records, Dr. Bethea agreed with Dr. Drye and Dr. Chokshi that Mr. Bailey's neck reached maximum medical improvement and does not require further treatment. ECF No. 39-1, pp. 6.

Defendants request that Plaintiffs consent to allow Dr. Bethea to perform an independent medical examination of Mr. Bailey pursuant to Rule 35 of the Federal Rules of Civil Procedure. Plaintiffs denied Defendants' request.

## II. DISCUSSION

Rule 35(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause and on notice to all parties and the person to be examined and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

As a preliminary matter, the court finds that Mr. Bailey's physical condition is in controversy and that good cause has been shown for a physical examination. Mr. Bailey put his physical condition in controversy by alleging in his complaint that he was injured as a result of the automobile collision. Moreover, Mr. Bailey's physical condition is in controversy because

5

of the disagreement among medical care providers as to the extent of his alleged injuries and the need for further treatment. As such, the court finds that Defendants have established good cause for the Rule 35 examination, inasmuch as Defendants wish to explore the extent of Mr. Bailey's alleged injuries, obtain a current assessment of Mr. Bailey's physical condition, and attempt to discover whether Mr. Bailey is in need of additional medical treatment. See Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964). However, the court concludes that Plaintiffs' request for an independent medical examiner should be denied.

A.   Independent Medical Examiner

Defendants have designated Dr. Bethea to examine Mr. Bailey. Plaintiffs contend that the court should appoint a "non-biased" physician to perform the Rule 35 examination. Plaintiffs claim that Dr. Bethea is biased because he has "been retained by defense counsel, has reviewed all of Plaintiff's medical records, and has expressed opinions to defense counsel." ECF No. 40, pp. 1. However, "[t]here is no requirement that a Rule 35 examination be conducted by a physician wholly unconnected with either party." Holland v. United States, 182 F.R.D. 493, 494 (D.S.C. 1998). The court should appoint a physician different from the one proposed by a defendant only when the plaintiff raises a valid objection.[1] Powell v. United States, 149 F.R.D. 122, 124 (E.D. Va. 1993). A valid objection exists when there is evidence of personal bias on behalf of the examining physician. Id. As there is no evidence of personal bias on the part of Dr. Bethea, or evidence that he will utilize discredited or harmful techniques to

---

[1] In response to Defendants' motion, Plaintiffs also argue that this court should read "valid objection" the same as the "reasonable objection" standard under Rule 35 of the South Carolina Rules of Civil Procedure. In support of their argument, Plaintiffs cite a South Carolina Supreme Court decision. That decision is inapplicable under the Federal Rules of Civil Procedure. Moreover, the state decision recognizes a "best practice" of appointing physicians unaffiliated with either party to perform Rule 35 examinations. This state practice is neither recognized nor required in federal court. See Holland v. United States, 182 F.R.D. 493, 494 (D.S.C. 1998).

examine Mr. Bailey, the court declines to exercise its discretion to appoint a different person to conduct Plaintiff's physical examination.

### III. CONCLUSION

Plaintiffs have not demonstrated that a valid objection exists to deny Defendants' proposed physician from conducting the Rule 35 examination. Accordingly, Defendants' motion for an independent medical examination is **granted**. Plaintiffs' request that Plaintiff Edward Bailey's Rule 35 independent medical examination be conducted by an independent medical examiner is **denied**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Chief Judge, United States District Court

October 4, 2012

Columbia, South Carolina